Mary Kate Hancock and J. Franklin Melloy, Executors of the last will of Rachel Melloy, deceased, *v.* George D. Melloy and J. Frank Melloy, who survived James B. Melloy, late trading as J. M. Melloy's Sons. Appeal of George D. Melloy.

*Promissory notes—Statute of limitations—Evidence—Question for jury.*

In an action upon two promissory notes, maturing more than six years before suit, but alleged by the plaintiff to have been taken out of the bar of the statute of limitations by an express promise of payment, the notes are admissible in evidence to identify them as the notes referred to in the new promise, and the case is for the jury where it appears that they were the only notes given by defendant to plaintiff, and that when the promise was made two promissory notes had been produced by plaintiff and exhibited to defendant.

Argued Jan. 6, 1899. Appeal, No. 244, Jan. T., 1898, by George D. Melloy, from judgment of C. P. No. 1, Phila. Co., June T., 1896, No. 604, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit upon promissory notes. Before BIDDLE, P. J.

The suit was upon two promissory notes given by J. M. Melloy's Sons to Rachel Melloy.

The sheriff returned nihil habet as to J. Frank Melloy, and George D. Melloy. The defendant served, pleaded the statute of limitations.

At the trial there was proof by two separate witnesses, that on two separate occasions the defendant admitted his indebtedness to the plaintiff upon two notes, and expressly promised to

pay them, fixing the time at which he would do so.   At one of these conversations notes were produced and were handed to and examined by the defendant.   The witness who testified to this conversation said that she knew of the existence of the notes in suit ; that they were handed to and examined by the defendant at this conversation, and that he said : " Mother, these notes are all right.   You shall have them.   I will pay you on the first of the year.   I cannot pay you before."   The witness further testified that the notes so produced and examined at this conversation were the notes in suit.   Upon cross-examination, however, she admitted that she did not read the notes which were handed to the defendant at the time of the conversation, but that later in the day her mother showed them to her.   The witness to the other conversation was J. Frank Melloy, defendant's partner, who testified that the plaintiff came to the store of the firm and said to the defendant that she came for her money, and defendant said, " What money ? " and plaintiff said, " The notes," and defendant then said, " I haven't any money," and plaintiff then said, " When will I get it ? " and defendant said, " In three weeks."

The evidence also showed that the two notes in suit were the only notes of the firm which the plaintiff held.   The defendant, although in court, was not called by his counsel to disprove that the notes referred to in his promise were the ones in suit.

The notes were offered and admitted in evidence.  [1, 2]

The court charged as follows :

There is no question in this case but that these notes were executed by the defendant, and there is no question that they were the only notes issued by that firm.   They are, however, barred by what we call the statute of limitation, and they could not be sued upon unless there is testimony in the case which takes it out of the operation of that statute.   In all these cases if you claim a sum of money which is barred by the statute you must prove that there was a subsequent acknowledgment and promise to pay that debt.   Of course, a man cannot make a general promise to pay all his debts.   That would not be considered sufficient to take it out of the bar of the statute.   [The point made by the defendant in this case is that in this evidence

these notes were not sufficiently identified as the notes in regard to which the conversation took place between the son and his mother on the two occasions which have been testified to; one occasion in the presence of the daughter, and the other in the presence of her son. The question for you to decide, there being but these two notes issued by the firm to her, in the conversation of the parties and the production of these two pieces of paper, whether they were the identical notes. If you find they were the notes about which the conversation was had, then they are good. If you find that these promises were not made as to these identical notes, your verdict should be for the defendant.] [3]

The defendant's point and the answer thereto were as follows:

Under all the evidence the verdict must be for the defendant. *Answer:* Refused. [4]

Verdict and judgment for plaintiff for $1,819.50. Defendant George D. Melloy appealed.

*Errors assigned* among others were (1, 2) ruling on evidence; (3, 4) above instructions, quoting them.

*Theodore F. Jenkins,* for appellant.—There was no evidence of the identity of the notes sufficient to warrant the court in submitting the case to the jury: Burr v. Burr, 26 Pa. 284, Clark v. Maguire, 35 Pa. 259; Wolfensberger v. Young, 47 Pa. 516; Landis v. Roth, 109 Pa. 621; Hobough v. Murphy, 114 Pa. 358; Patterson v. Neuer, 165 Pa. 66; Mayfarth's App., 1 Cent. Rep. 398; Miller v. Baschore, 83 Pa. 356; Ward v. Jack, 172 Pa. 416.

*Frank P. Prichard,* with him *Henry P. Brown,* for appellees.—The case was for the jury: Yaw v. Kerr, 47 Pa. 333; Wright v. Jordan, 181 Pa. 100.

PER CURIAM, January 30, 1899:

There is nothing in this record that would justify us in sustaining either of the four specifications of error. The evidence referred to in the first and second specifications tended to identify the notes in suit, and was therefore rightly admitted. The instructions recited in the third specification were fully war-

ranted by the evidence therein referred to by the learned trial judge. Referring to the conversation that was testified to, as having taken place between the son and his mother, on two occasions, he rightly instructed the jury that if they found that the notes in suit were the same "notes about which the conversation was had, then they are good." But if they found that the "promises were not as to these identical notes the verdict should be for the defendant." It follows, of course, that there was no error in refusing to charge as requested, that "under all the evidence the verdict must be for the defendant."

The case involved questions of fact which were rightly submitted to the jury and by them determined in favor of the plaintiffs.

Judgment affirmed.